**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-00951-RMR-STV

MERSIVE TECHNOLOGIES, INC.,

Plaintiff,

v.

METAPLUS LLC;
SUCHITRA REDDY;
NUBEM, LLC; and
ALAN B. YOUNG,

Defendants.

---

# ORDER

---

Chief Magistrate Judge Scott T. Varholak

This matter comes before the Court on Plaintiff's Unopposed Motion for Substituted or Alternative Service on Alan Young (the "Motion") [#47], which has been referred to this Court [#48]. The Motion seeks leave to serve Defendant Alan B. Young via alternative service through a combination of methods, including email, LinkedIn message, regular mail, text, and communication to Mr. Young's daughter. [#47] Alternatively, Plaintiff requests that the Court permit substituted service on Mr. Young pursuant to Colorado Rule of Civil Procedure 4(f). [*Id.*] This Court has carefully considered the Motion, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED** as outlined in more detail below.

## I. BACKGROUND

Plaintiff initiated this action on March 9, 2026 by filing its Complaint. [#1] Plaintiff filed an Amended Complaint against all Defendants, including Defendant Alan B. Young, on June 15, 2026. [#17] Plaintiff has served Defendants Metaplus LLC and Suchitra Reddy. [#11] To date, Plaintiff has been unable to serve Defendant Young. [*See generally* #47] Defendant Young formerly served as Chief Product Officer and Chief Information Security Officer of Plaintiff, Mersive Technologies, Inc. ("Mersive"), and was a contractor of Plaintiff through his business entity, Nubem, LLC ("Nubem"). [#47 at 6][1]

Plaintiff has attempted to serve Young by personal service at addresses recently associated with Young. [*Id.* at 7] Specifically, Plaintiff located addresses for Young in Illinois and Texas. The Chicago, Illinois address is the most recent address for Young that appears in a public record search, is listed on Young's most recent invoice to Plaintiff from February 2026, and aligns with Young's occasional comments to individuals at Mersive that he was traveling home to Chicago. [*Id.* at 6-7; #47-1; #47-4] The Leander, Texas address is the registered address for Young's business entity, Nubem, is the "Address for Notice Purposes" on Plaintiff's contract with Nubem and an online property records search shows a deed with Young as the grantee (upon the grantor's death) at that address and no subsequent conveyance. [*Id.* at 6, 13, 17; #47-2; #47-15; #47-16] Plaintiff has not been able to locate another business address for Young. [#47 at 13]

During July 2026, Plaintiff attempted service at Young's Illinois address five times and his Texas address four times. [*Id.* at 7] Plaintiff's process server left notices taped

[1] For consistency and clarity, the Court refers to the actual page number of the .pdf document uploaded to the Electronic Court Filing system, rather than to the numbering printed on each page.

to the door at Young's Texas address, which were untouched, unsuccessfully attempted to contact neighbors, and attempted to call Young at two phone numbers. [*Id.*] For one phone number, Plaintiff's daughter Emily Young answered and said her father was not home, but she would forward the process server's contact information to her father. [*Id.* at 7-8] The process server attempted to call Emily Young two more times, left a voicemail, and sent a text message. [*Id.* at 8] Counsel for Plaintiff also emailed Defendant Young at the email address Plaintiff previously used to contact him, alan@nubem.us, asking if he would accept service on behalf of Nubem. [*Id.* at 13; #47-13] The email did not bounce back. [#47 at 14] After several attempts, Plaintiff served Young's business, Nubem, through the Texas Secretary of State. [*Id.* at 13]

Plaintiff believes that Defendant Young could be in Texas, Illinois, or Colombia. [*Id.* at 9] Accordingly, Plaintiff seeks leave of this Court to serve Defendant Young by via alternative service through a combination of methods including email, LinkedIn message, regular mail, and communication to Emily Young. [*Id.* at 5] Alternatively, Plaintiff requests substituted service on Emily Young. [*Id.* at 6] Plaintiff filed the instant motion for alternative or substitute service on September 4, 2026. [#47]

## II. DISCUSSION

Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The Court finds that, for the reasons explained below, substituted service is sufficient to serve Defendant Young and meets the requirements for service in the forum

state, Colorado. Therefore, the Court will not analyze Plaintiff's request for alternative service.

Colorado Rule of Civil Procedure 4(f) authorizes substituted service. When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f). For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the Court is satisfied that due diligence has been used to attempt personal service and that further attempts to obtain timely personal service would be to no avail. "Persistent attempts to effectuate personal service at multiple addresses suggest due

diligence." *Wrany v. El Paso Cnty., Colorado*, No. 25–cv–03248–DDD–MDB, 2026 WL 412278, at *2 (D. Colo. Feb. 13, 2026); *see also BMO Harris Bank N.A. v. Marjanovic*, No. 19–cv–02945–CMA–KMT, 2020 WL 4705294, at *2 (D. Colo. Aug. 13, 2020) (finding diligent attempts at service when plaintiff attempted to serve defendant at various addresses, at various times, and through various methods). As outlined above, Plaintiff has made numerous efforts to personally serve Young at addresses in Illinois and Texas associated with Young but has been unsuccessful. Plaintiff has also contacted family and neighbors, as well as attempted to reach Young via email and telephone. Plaintiff has demonstrated its diligence.

Plaintiff argues that substituted service on Defendant Young's daughter, Emily Young, is appropriate in this case. [#47 at 19] This Court has allowed service on the relatives of the defendant. *Heritage Landscape Supply Grp., Inc. v. Mountain State Landscape & Maint. LLC*, No. 24-cv-00140-GPG-STV, 2024 WL 5356882, at *2 (D. Colo. Sept. 30, 2024) (permitting substitute service on defendant's father and "co-resident"). In addition, other courts in this District have permitted service on relatives of the defendant. *Sec. & Exch. Comm'n v. Cournoyer*, No. 24–cv–01304–MDB, 2025 WL 2401986, at *2 (D. Colo. Aug. 19, 2025) (substituted service permitted on defendant's daughter); *BMO Harris Bank N.A.*, 2020 WL 4705294, at *2 (service on sibling); *Am. Produce, LLC v. Vargas*, No. 11-cv-02919-PAB-MEH, 2012 WL 1340121, at *3 (D. Colo. Apr. 17, 2012) (service on aunt or uncle).

Here, Plaintiff explains that it knows Defendant Young is in contact with Emily Young because Plaintiff's process server spoke with Ms. Young over the phone and she said that she would give the process server's contact information to her father. [#47 at

19] Plaintiff also explains that in February 2026, when it tried to retrieve Mersive's company car from Defendant Young, he gave an address associated with Emily Young, demonstrating that Defendant Young entrusts his daughter with his car. [*Id.* at 7, 19; #47-6] The Court is satisfied that Plaintiff has demonstrated that Defendant Young likely has an ongoing relationship with his daughter. Emily Young affirmed this relationship when she told Plaintiff's process server that she would give the process server's contact information to her father. The Court finds that service on Emily Young is appropriate and reasonably calculated to give actual notice to Defendant Alan Young.

## III. CONCLUSION

Accordingly, for the reasons discussed above, Plaintiff's Unopposed Motion for Substituted or Alternative Service on Alan Young [#47] is **GRANTED**. Plaintiffs are granted leave to serve Defendant Young by substituted service on Emily Young. In addition to the documents required to effectuate service, Plaintiffs shall also include a copy of this Order. Out of an abundance of caution and to increase the likelihood of Defendant Young receiving notice of this suit, the Court orders Plaintiff to deliver notice via the combination of methods Plaintiff proposed for alternative service.

Accordingly, for the reasons discussed above, **IT IS ORDERED** as follows:

1. Plaintiff's Motion [#47] is **GRANTED**;
2. Plaintiff is authorized to serve Defendant Young by substituted service on Emily Young at any address where she may be located.
3. Service of process shall be effectuated upon Defendant Young in accord with Colo. R. Civ. P. 4(f) by sending a copy of the summons, Complaint, and all other relevant documents, via registered mail with delivery confirmation, to the

Leander, Texas and Chicago, Illinois addresses listed in the Motion, before the date of delivery of process to Emily Young.

4. Plaintiff shall further notify Defendant Alan B. Young of this lawsuit via the following methods:
    a. Email to alan@nubem.us (notification to this email shall also include a copy of this Order as well as a copy of the summons, Complaint, and all other relevant documents);
    b. Direct message to https://www.linkedin.com/in/alanbyoung/; and
    c. Text messages to two phone numbers known to have been used by Defendant Young: (617)-615-1015 and (858)-215-1475.
5. Plaintiff shall promptly file a status report informing the Court when such service is accomplished.

DATED: September 24, 2026

BY THE COURT:

s/Scott T. Varholak
Chief United States Magistrate Judge